Robert SUMRELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 41675.

Court of Criminal Appeals of Texas.

Dec. 11, 1968.

Rehearing Denied Feb. 19, 1969.

Joseph D. Loidold, Port Arthur, for appellant.

W. C. Lindsey, Dist. Atty., Cimron Campbell, Asst. Dist. Atty., Beaumont, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for the primary offense of theft from the person. The punishment, enhanced under the provisions of Art. 63, Vernon's Ann.P.C., life.

In two grounds of error the appellant contends that the evidence fails to show beyond a reasonable doubt that the taking was so sudden as to not allow time to make resistance before the property was carried away.

Art. 1438(2) reads:

"The theft must be committed without the knowledge of the person from whom the property is taken, or so suddenly as not to allow time to make resistance before the property is carried away."

The evidence reveals that on December 27, 1966, at approximately 11 p. m., Madie Jackson, Margie Thomas and Sylvia Wilson, the victim, were preparing to enter a car parked in front of the Dewdrop Inn located in Port Arthur, Jefferson County, Texas. Mrs. Thomas and Mrs. Wilson stood on the sidewalk near the car while Mrs. Jackson walked around the car and took her seat in the automobile.

Margie Marie Thomas testified in part as follows:

"A See, me and S*l*yvia Gordon was standing on the sidewalk and as we was standing there on the sidewalk there was a man came across the street and he say, 'Good evening,' and we say 'Good evening' to him, and he grabbed my purse and he said, 'Give me my purse. Give me my purse.' I said, 'No, you not getting my purse,' like that. And so Sylvia had her back turned and as he turned my purse loose he grabbed Sylvia's purse and ran between the houses and he had an old hat on and old—

\* \* \* \* \* \*

"Q Now, did you see him physically grab Sylvia's purse?

"A Yes, sir.

\* \* \* \* \* \*

"A I said he tried to get mine first and I said, 'No, you not getting my purse,' like that, at the time he said, 'Give me my purse. Give me my purse.' I said, 'No, you not getting my purse,' and he turned around and jerked Sylvia's purse.

"Q And ran off?

"A And ran off."

Sylvia Mae Gordon Wilson testified in part as follows:

"Q What, if anything, happened while you were right there on the sidewalk, please ma'am?

"A Yes, sir, something happened. A man taken my pocketbook, if that is what you are talking about.

"Q Yes, ma'am. More in particular, how did that happen, please?

"A Well, he come up to us from across the street and told Margie, 'Give me

**546**

my pocketbook' three times. The third time—she said, 'No, I am not going to give it to you.' The third time he said and I turned around and looked and he had mine and gone.

"Q He had yours and gone?

"A Yes, sir.

\* \* \* \* \* \*

"Q Now, ma'am, I ask you immediately after he took your purse, grabbed your purse, were you able to resist him in any way?

"A No, I wasn't, he just jerked it too fast.

"Q And was gone, is that correct?

"A Yes, sir, that's right.

\* \* \* \* \* \*

"Q Now, were you trying to look at what was going on?

"A No, the first time he said, 'Give me my purse,' I took it for granted it was just a prank—that he was just playing, and I turned my head waiting for Mrs. Jackson to open the car. And he said it the second time and the third time I turned around and he had mine and gone.

"Q Now, how did he take it off your arm?

"A He just snatched it off of my arm."

The appellant did not testify or offer any testimony in his behalf.

The evidence is sufficient to sustain the conviction of theft from the person.

The third ground urged as error is that:

"The Court erred in informing the jury in the charge of the Court that the Defendant could be punished by confinement of two to seven years in the Department of Corrections."

Art. 37.07, Sec. 2(a), Vernon's Ann. C.C.P., which was in effect at the date of this trial provided that the court's charge submitting the issue of guilt or innocence shall include the punishment authorized for the offense or offenses submitted. No error is presented.

The judgment is affirmed.